(April 6, 1896.)

## DAVELIN v. POST FALLS WOOLEN MILLS.

### [44 Pac. 554.]

UNDERTAKING ON APPEAL—JUSTIFICATION.—Under the provisions of section 4842 of the Revised Statutes, when exception to sufficiency of sureties is made, they or other sureties must appear and justify within five days after the service of the notice excepting to the sureties, and upon notice to the adverse party. If they do not, the appeal must be regarded as if no such undertaking had been given. (Syllabus by the court.)

APPEAL from District Court, Kootenai County.

Herren & Hubbell and W. C. Jones, for Appellant.

Counsel for respondent filed a motion in the district court to dismiss the appeal. Said motion was based upon the grounds that no notice of the time and place of the justification of appellant's sureties on appeal was ever served upon respondent or his counsel. It was error in the court in dismissing the appeal after all the steps necessary to give the court jurisdiction were complete. There existed no substantial or apparent defect in the undertaking or the justification. (Hayne on New Trial and Appeal, sec. 214, p. 649; *Rabe v. Hamilton*, 15 Cal.

32; *Cunningham v. Johnson,* 8 Cal. 34; *Coulter v. Stark,* 7 Cal. 244; *Coker v. Superior Court etc.,* 58 Cal. 177; *Hall v. Superior Court,* 68 Cal. 24, 8 Pac. 509; *Levy v. Superior Court,* 66 Cal. 292, 5 Pac. 353.) The court erred in dismissing said appeal solely upon the ground that no notice of the time or place of the justification of the sureties to appellant's undertaking on appeal was served upon respondent or his counsel when in fact the sureties had justified at time of filing original undertaking, and did likewise justify to said undertaking within the time required. Besides, the attempt to except to said undertaking was too general in form, being in the nature of an objection, specifying no particular in which said undertaking was insufficient, and giving no reason for such exception. (*Gaffney v. Hoyt,* 2 Idaho, 199, 10 Pac. 34; *Gooby v. Hanson* (Cal.), 11 Pac. 489; *Hill v. Finnigan,* 54 Cal. 311; *Matlock v. Wheeler,* 29 Or. 64, 40 Pac. 5, 43 Pac. 867; *Van Auken v. Dammeier,* 27 Or. 150, 40 Pac. 89; *Spurlock v. Port Townsend S. R. Co.,* 12 Wash. 34, 40 Pac. 420; *Maney v. Hart,* 11 Wash. 67, 39 Pac. 268.)

Robert E. McFarland, for Respondent.

"You will please take notice that plaintiff and respondent in the above-entitled action does not accept defendant and appellant's said undertaking on appeal herein nor the sureties thereto, but hereby expressly excepts to the sufficiency of said undertaking and does hereby expressly except to the sufficiency of each and all of the sureties to defendant and appellant's said undertaking on appeal in said case.

"Dated this eighteenth day of October, 1895.

"R. E. McFARLAND,
"Attorney for Plaintiff and Respondent."

Said notice was duly served upon appellant and its attorneys. Without giving respondent or his attorney any notice of the time or place of the justification of the sureties to appellant's undertaking on appeal, or that appellant intended to have said sureties justify at all, said sureties appeared before the probate court, on a day not shown by the transcript, and pretended to justify. Section 4842 of the Revised Statutes of Idaho, providing for appeals from probate and justices' courts generally,

reads as follows: "The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge from whom the appeal is taken, within five days thereafter upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." There was no justification of sureties or others in their place and appellant will not be allowed to avoid the requirements of the statute by filing informal and insufficient affidavits. (Hayne on New Trial and Appeals, 649; *Rabe v. Hamilton,* 15 Cal. 32; *Cunningham v. Johnson,* 8 Cal. 34; *Coulter v. Stark,* 7 Cal. 244; *Matlock v. Wheeler,* 29 Or. 64, 40 Pac. 5, 43 Pac. 867; *Van Auken v. Dammeier,* 27 Or. 150, 40 Pac. 89; *Spurlock v. Port Townsend S. R. Co.,* 12 Wash. 34, 40 Pac. 420.)

SULLIVAN, J.—This action was commenced in the probate court of Kootenai county, which court rendered judgment against the appellant corporation in favor of Davelin, respondent. Said corporation appealed from said judgment to the district court of said county, and filed an undertaking on appeal. The respondent thereupon excepted to the sufficiency of the sureties thereon. It appears from the record that the sureties failed to appear and justify as required by the provisions of section 4842 of the Revised Statutes. They, however, did appear and made affidavit before the probate judge some twelve days after the service of the notice excepting to the sufficiency of the sureties, but without notice to the adverse party. Thereafter, when the case was called in the district court, the respondent moved to dismiss the appeal on the ground that the sureties had failed to justify, as required by the provisions of section 4842 of the Revised Statutes, which motion was granted, and an order of dismissal entered. This appeal is from said order. The provisions of said section applicable to the question here involved are as follows: "The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking and unless they or other sureties justify before the justice or judge from whom the appeal is taken within five days thereafter, upon notice to the adverse

party to the amount stated in their affidavit, the appeal must be regarded as if no such undertaking·had been given." Under those provisions, when the sufficiency of the sureties are excepted to, they or other sureties must appear and justify within the time therein stated, upon notice to the adverse party. If they fail to do so, the appeal must be regarded as if no undertaking had been given. The appearance of the sureties, and making affidavit, without notice to the adverse party, is not a, compliance with the provisions of said section. The adverse party has a right to notice, and to be present and question the sureties as to their financial responsibility. The order dismissing said appeal is affirmed, and costs of this appeal awarded to the respondent.

Morgan, C. J., and Huston, J., concur.